M                                                    Civil Action No. 6:15-cv-02524

versus                                               Judge S. Maurice Hicks

Neustrom, et al                                      Magistrate Judge Carol B. Whitehurst

**ORDER**

Before the Court is Defendants', Sheriff Mark Garber, in his official capacity, Deputy James Michael Auzenne, in his individual and official capacity, and Deputy Martin Thomas, in his individual and official capacity, Motion To Dismiss And/Or Clarify And Rule 12(f) Motion To Strike [Rec. Doc. 94], Plaintiff's Memorandum in Opposition [Rec. Doc. 100] and Defendants' Reply [Rec. Doc. 105]. Defendants contend that the current status of the pleadings and communications with plaintiff's attorney's office regarding the status of the defendants and the claims asserted, particularly with regard to the Third Amended Complaint, are unclear.

The record indicates that Plaintiff filed this action by way of a 188 Paragraph Complaint on October 14, 2015, against Michael W. Neustrom, Sheriff of Lafayette Parish, Rob Reardon, Director of Corrections of the Lafayette Parish Sheriff's Office, and Deputy James Michael Auzenne and Deputy Martin Thomas, Deputies for the Lafayette Parish Sheriff's Office. Each defendant was named in his individual and official capacity. On April 5, 2017, the parties filed a Stipulation of Voluntary

Dismissal under FRCP 41(a)(1)(A)(ii), dismissing Neutrom in his individual capacity and Reardon in his individual and official capacities without prejudice. *R. 50, 51.* Thereafter, in May, 2017, Neustrom and Reardon were each deposed by Plaintiff as non-party witnesses. *R. 79, A&B.*

On September 19, 2017, Plaintiff filed a motion for leave to file a Second Amended and Supplemental Complaint adding 47 numbered Paragraphs, which Defendants contend sought to re-add Neustrom and Reardon as defendants in both their official *and individual* capacities. *R. 76, ¶¶ 43E-43F; 135V; 54D; 54R; 54V-54W; 58D-58E; 58G.* The Second Amended and Supplemental Complaint also included a number of additional allegations regarding the history of the jail from 1984 to 2005 as well as allegations related to staffing from 2006-2011. *Id. at ¶¶ 45-54H; 54I - 54Q; 54CC-54DD).*

On November 5, 2017, Plaintiff filed a motion for leave to file a Third Amended Complaint. *R. 84.* The Third Amended Complaint added 127 Paragraphs and three new defendants, Becky Sinegal, Ace American Insurance Company and Lafayette Consolidated Government. While the Third Amended Complaint makes no mention to the Second Amended and Supplemental Complaint, it states that he "re-avers, re-alleges, and adopts by reference all allegations made in his original Complaint and the First Amended and Supplemental Complaint, as if restated in full herein." *R. 90.*

Defendants contend, as the Second Amended Complaint remained pending, it is unclear whether Plaintiff's Third Amended Complaint intended to re-add Neustrom and Reardon because Plaintiff did not withdraw the allegations in the Second Amended Complaint or state that the Third Amended Complaint supersedes the Second one, but the allegations adverse to Neustrom and Reardon set out in the Second Complaint remain although they are not listed as parties. Defense Counsel contacted Counsel for Plaintiff's office and was told that the Third Amended Complaint "essentially" sought to supersede the Second Amended Complaint as it "exclusively adopts only the original and First Amended Complaint." *R. 87-7.* The Court granted Plaintiff's motion for leave to file the Second and Third Amended Complaints under Rule 15. *R. 90;91.*

In light of the foregoing, the Court agrees that the claims alleged in Plaintiff's Amended Complaints and the identity of the defendants are unclear. The Court further agrees that Plaintiff's last Amended Complaint (as well as the previous ones) violate Rule 8 of the Federal Rules of Civil Procedure which requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief", FRCP 8(a)(2), and that "[e]ach allegation must be simple, a concise and direct," FRCP 8(d)(1). In sum, Rule 8 is intended to prevent "[u]nnecessary prolixity in a pleading [which] places an unjustified burden on the court and the party who must respond to

it because they are forced to select the relevant material from a mass of verbiage."
*Ciralsky v. C.I.A.*, 355 F.3d 661, 669 (D.C. Cir. 2004).

Defendants cite jurisprudence in which the court dismissed the plaintiff's complaint for failure to conform with Rule 8. Instead of requesting such extreme action, Defendants request that the Court either dismiss the Second and Third Amended Complaints, or alternatively, "require Plaintiff to clarify whether the Third Complaint supersedes and replaces the Second Complaint and whether Neustrom and Reardon are re-added as parties." *R. 94-2, pp. 12-13.*

Defendants contend that the Court should strike the allegations of Plaintiff's Second and Third Amended Complaints, noted in the foregoing, under Rule 12(f). Rule 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FRCP 12(f). Granting a motion to strike "is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962). As a result, a "motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id.*

Defendants contend these Paragraphs should be stricken because they: (1) contain superfluous historical allegations that detail the history of jail operations dating back to the early 1980s and 1990s, and continuing through approximately 2010

4

or 2011;  (2) reference reports and records of overcrowding or understaffing at LPCC "with absolutely no reference to any time frame relevant to Plaintiff's claims;"(3) reference conditions at LPCC regarding fights between inmates requiring medical attention, possession of contraband and failing to monitor known violent prisoners and attacks by inmates on deputies; (4) "pervasive maintenance deficiencies" from 2000-present; (5) "prisoners injured by other prisoners wielding weapons/dangerous contraband; (5) insufficient number of single and double bunked cells; and (6) citations to statutes, regulations and case law. *Id., p.14.* Defendants contend that these allegations span the decade pre-dating the incident at issue and place Defendants in a position to respond to unnecessary discovery.

After reviewing the Second and Third Amended Complaints as to the above listed allegations, the Court enters the following order:

**IT IS ORDERED** that (1) Plaintiff is to file a SINGLE DOCUMENT entitled "Fourth Amended Complaint" which replaces all other Complaints, Amended and Supplement Complaints, consisting of a TOTAL of 35 pages or less, in compliance with Rule 8; (2) naming EACH individual defendant and the capacity(s) in which he or she is named; (3) specifically titling the allegations that DIRECTLY apply to the causes of action alleged in this case—i.e. Parties, Factual, Plaintiff's alleged assault, the Monell claims as to Sheriff Neustrom/ Sheriff Garber and/or Director Reardon,

Constitutional violation(s), damages; (4) eliminating lengthy allegations related to historical information and/or reports instead inserting brief, concise allegations that DIRECTLY apply to the alleged incident; (5) eliminating multiple paragraphs related to the same allegation; (6) eliminating references to legal citations, statutes and case law.

**IT IS FURTHER ORDERED** that on or before <u>TWO WEEKS</u> from the date of the entry of this Order Plaintiff SHALL file with this Court a Motion For Leave To File its Fourth Amended Complaint, at which time the Court will review the final Fourth Amended Complaint for compliance with this Order.

Signed at Lafayette, Louisiana, this 13th day of March, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE